1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ALAN F. KNOX,

                    Plaintiff,

           vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                  Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 11-2946 RNB

ORDER AFFIRMING DECISION OF
COMMISSIONER

The sole disputed issue listed in the Joint Stipulation is whether the Administrative Law Judge ("ALJ") failed to properly evaluate the opinions of plaintiff's treating physician, Dr. Jung, and his psychiatric nurse, Mr. Dunn. (See Jt Stip at 4.)  The Court now rules as follows with respect to that issue.[1]

---

[1]    As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1     The law is well established in this Circuit that a treating physician's opinions

2  are entitled to special weight because a treating physician is employed to cure and has

3  a greater opportunity to know and observe the patient as an individual.   See

4  McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating physician's

5  opinion is not, however, necessarily conclusive as to either a physical condition or the

6  ultimate issue of disability."   Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.

7  1989).  The weight given a treating physician's opinion depends on whether it is

8  supported by sufficient medical data and is consistent with other evidence in the

9  record.  See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  If the treating physician's

10  opinion is uncontroverted by another doctor, it may be rejected only for "clear and

11  convincing" reasons.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter

12  v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991).   Where as here the treating

13  physician's opinion is controverted, it may be rejected only if the ALJ makes findings

14  setting forth specific and legitimate reasons that are based on the substantial evidence

15  of record.   See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A

16  treating physician's opinion on disability, even if controverted, can be rejected only

17  with specific and legitimate reasons supported by substantial evidence in the

18  record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th

19  Cir. 1987).

20     Here, the ALJ proffered multiple reasons for why he was not affording any

21  weight to the questionnaires Dr. Jung completed in September 2008 and March 2009.

22  (See AR 31-32.)  As to Dr. Jung's September 2008 opinion, the ALJ noted that Dr.

23  Jung's conclusion that plaintiff could be provoked by others to "assaultive or violent

24  behavior" was inconsistent with his statements earlier in the opinion that plaintiff was

25  able to interact with a peer group and has rapport with various associates in his

26  community.  (See AR 31, citing AR 629-30.)  In addition, the ALJ noted that Dr.

27  Jung's September 2008 opinion was inconsistent with his own treatment notes

28  indicating that plaintiff's condition was medically stable, that he attended church, that

his mental status examinations were within normal limits, that he was regularly in "good spirits," and that there were no signs of persecutory, delusional, or paranoid ideations or difficulty interacting with others. (See AR 31, citing AR 635-41.)  As to Dr. Jung's March 2009 opinion, the ALJ again noted that Dr. Jung's assessments that plaintiff would have difficulty in carrying out short and simple instructions, maintain attention, and work with others were inconsistent with his own treatment notes indicating that plaintiff's condition was stable, that he attended church, and that his mental status examinations were within normal limits. (See AR 31, citing AR 635-43.)  The ALJ also noted that nowhere in Dr. Jung's treatment notes did he indicate that plaintiff had a cognitive impairment and that, in fact, Dr. Jung described plaintiff as a "bright" person who had college degrees and carried out all activities associated with independent living. (See AR 31, citing AR 629-30.)

     The Court finds that each of these reasons constituted a specific and legitimate reason based on substantial evidence in the record for not crediting Dr. Jung's September 2008 and March 2009 opinions.  See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (noting that internal inconsistency is properly considered in evaluation of treating physician's opinion); see also Valentine v. Comm'r of Social Sec. Admin., 574 F.3d 685, 692-93 (9th Cir. 2009) (holding that contradiction between a treating physician's opinion and his treatment notes constitutes a specific and legitimate reason for rejecting the treating physician's opinion); Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that contradiction between treating physician's assessment and clinical notes justifies rejection of assessment); Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 603 (9th Cir. 1999) (holding that ALJ properly rejected treating medical opinions that had internal inconsistencies); Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that contradiction between doctor's treatment notes and finding of disability was valid reason to reject treating physician's opinion); Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992) (holding that treating physician's opinion that contained two different assessments

1   of plaintiff's lifting ability was properly rejected).

2         After properly rejecting Dr. Jung's opinions, the ALJ credited the opinion of

3   the medical expert, Dr. Felkins, who testified that plaintiff could do jobs that involved

4   incidental interpersonal contact.  (See AR 27, 33-34, citing AR 680-81.)  A review

5   of the record indicates that Dr. Felkins's testimony was supported by and consistent

6   with other evidence in the record that plaintiff's condition had been stable, that he

7   participated in social activities, and that his mental status examinations were within

8   normal limits.  (See AR 635-43.)  Accordingly, Dr. Felkins's testimony served as

9   substantial evidence supporting the ALJ's decision.  See Morgan, 169 F.3d at 600

10   ("Opinions of a nonexamining, testifying medical advisor may serve as substantial

11   evidence when they are supported by other evidence in the record and are consistent

12   with it."); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (same).

13         As to the ALJ's alleged failure to properly consider the opinion of plaintiff's

14   psychiatric nurse, Mr. Dunn  (see Jt Stip at 9-10), the Court concurs with plaintiff's

15   apparent contention that Mr. Dunn was an acceptable medical source because he

16   treated plaintiff in conjunction with Dr. Jung and other physicians.  Nonetheless, the

17   ALJ noted that Mr. Dunn's opinion that plaintiff was increasingly delusional and

18   angry was inconsistent with the medical record, particularly Dr. Jung's treatment

19   notes.  (See AR 35, citing AR 636-39.)  The Court finds that this was a specific and

20   legitimate reason based on substantial evidence in the record for not crediting Mr.

21   Dunn's opinion.  See Gerard v. Astrue, 406 Fed. Appx. 229, 231 (9th Cir. 2010)

22   (nurse practitioner's opinion was properly rejected because it was contradicted by her

23   treatment notes); Jerry v. Comm'r of Social Sec. Admin., 97 F. Supp. 2d 1219, 1223

24   (D. Or. 2000) (although nurse practitioner was an acceptable medical source, her

25   opinion was properly rejected for lack of supporting data).

26         Finally, the Court will address plaintiff's assertion that the Court "should

27   credit" the opinions of Drs. Verin, Lavid, and Jacobs, as well as the opinion of Dr.

28   Jung.  (See Jt Stip at 9.)  To the extent that this assertion is intended as an implicit

contention that the ALJ failed to properly consider the opinions of Drs. Verin, Lavid, and Jacobs, the Court rejects plaintiff's contention because plaintiff has not provided the Court with any basis for finding that the ALJ's rejection of those opinions was improper.  Moreover, the ALJ noted that Dr. Verin's opinion did not relate to any relevant disability period (see AR 28-29); and that Dr. Lavid's opinion was based on a one-time examination during which plaintiff possibly was intoxicated and was inconsistent with the treating medical evidence indicating that plaintiff's condition was stable (see AR 33, citing AR 510, 635-43).  The Court finds that these were specific and legitimate reasons based on substantial evidence in the record for not crediting the opinions of Drs. Verin and Lavid.  See 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."); see also Macri v. Chater, 93 F.3d 540, 545 (9th Cir. 1996) (opinion of psychiatrist rendered after expiration of insured status was not reliable); Lester, 81 F.3d at 832 (explaining that the similarity between doctors' opinions enhances their credibility).  In addition, although the ALJ did not specifically mention Dr. Jacobs, Dr. Jacobs's opinion was merely an adoption of Mr. Dunn's opinion (see AR 514-18), which the ALJ did properly reject.  Accordingly, it was unnecessary for the ALJ to discuss Dr. Jacobs's opinion.  See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (the ALJ need only discuss evidence that is significant and probative); see also Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (affirming where ALJ had failed to mention letter from plaintiff's treating psychiatrist concluding that plaintiff was severely impaired).

//
//
//
//
//

*********************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: <u>January 24, 2012</u>

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

6